UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KENNETH WAYNE FULLER,

Defendant.

Criminal Action No. 23-209-1 (CKK)

**MEMORANDUM OPINION & ORDER**
(October 17, 2024)

Defendants Kenneth Wayne Fuller, Caleb Wayne Fuller, and Nicholas John Fuller were charged by indictment with one felony and three misdemeanor counts in connection with the riot at the United States Capitol on January 6, 2021.  *See* Superseding Indictment, ECF No. 46.[1]  Now before the Court is Defendant Kenneth Wayne Fuller's ("K. Fuller") [69] Motion for Bill of Particulars (the "Motion" or "Mot.").  The Government opposed that motion.  Gov't Opp'n, ECF No. 71.  And K. Fuller replied.  Reply, ECF No. 73.  Upon consideration of the briefing, the relevant legal authorities, and the entire record, the Court **GRANTS IN PART** and **DENIES IN PART** K. Fuller's [69] Motion for Bill of Particulars.

**I. BACKGROUND**

Count One of the Superseding Indictment charges Defendants with Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2.  Count One reads in full:

> On or about January 6, 2021, within the District of Columbia, **KENNETH WAYNE FULLER, CALEB FULLER, and NICHOLAS JOHN FULLER** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the

---

[1] The Court has accepted Defendant Nicholas Fuller's guilty plea.  Minute Entry, June 20, 2024.  Defendants Kenneth and Caleb Fuller rejected the Government's wired plea offer and are proceeding to trial.  Minute Order, Sept. 20, 2024.

1

movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Superseding Indictment, ECF No. 46 at 1.

The [1-1] Statement of Facts attached to the [1] Criminal Complaint provides further detail about Defendants' conduct on January 6, 2021. Among other things, it describes multiple videos of K. Fuller's conduct recorded by body-worn cameras (BWCs) obtained from law enforcement officers from the Metropolitan Police Department, Arlington County Police Department, and Montgomery County Police Department. Statement of Facts, ECF No. 1-1 at 3–4, 12–14.

The Government has since provided K. Fuller (and his co-defendants) extensive case-specific and global discovery. *See* Gov't Opp'n at 5. That discovery includes the timestamped and serialized BWC footage referenced in the Statement of Facts, FBI reports describing K. Fuller's conduct and citing to specific video files, and an online repository of additional BWC and CCTV footage from the Capitol on January 6, 2021. *Id.* at 4–5.

On September 20, 2024, K. Fuller—but not his co-defendants—moved for a bill of particulars as to Count One. Mot. at 5. His Motion is now ripe for review.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(f), a "court may direct the government to file a bill of particulars." A bill of particulars "can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quoting *Untied States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). Put differently, a bill of particulars is "designed to limit and define the government's case." *United States v. Brown*, No. 22-cr-170, 2024 WL 50977, at *2 (D.D.C. Jan. 4, 2023) (CKK) (quoting *United States v. Sanford, Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C.

2012) (BAH)). "The determination of whether a bill of particulars is necessary 'rests within the sound discretion of the trial court' and will not be disturbed absent an abuse of that discretion." *Meija*, 448 F.3d at 445 (quoting *Butler*, 822 F.2d at 1194).

### III. ANALYSIS

K. Fuller moves for a bill of particulars as to Count One of the Superseding Indictment, which charges violations of 18 U.S.C. §§ 231(a)(3) and (2). *See* Mot. at 1. He argues "the superseding indictment is imprecise regarding Kenneth Fuller's conduct that allegedly violated § 231(a)(3)" and that "it does not identify the officer(s) whom he allegedly obstructed, impeded, or interfered with." *Id.* at 4. On that basis, he asks that the Court order the Government to produce a bill of particulars that (1) identifies "which officer(s) Kenneth Fuller allegedly obstructed, impeded, or interfered with" and (2) states "precisely what alleged conduct and/or speech by Kenneth Fuller violated § 231(a)(3)." *Id.* at 5. The Court addresses these requests in reverse order.

#### A. Kenneth Fuller's Alleged Conduct and Speech

K. Fuller's Motion is brief, but it argues that "[n]either the [S]uperseding [I]ndictment nor the Statement of Facts makes clear whether the government is prosecuting Mr. Fuller under § 231(a)(3) for his alleged speech, his conduct, or both." Mot. at 4. K. Fuller argues he needs that information to prepare his defense because it "is relevant to whether Mr. Fuller's alleged acts were protected by the First Amendment." *Id.* The Government's Opposition catalogs the relevant factual allegations in detail and states explicitly that the Government intends to prosecute K. Fuller for his "actions as well as his contemporaneous speech." Gov't Opp'n at 1–4, 11.

In short, as K. Fuller observes, the Government "nominally resists Mr. Fuller's motion, but then provides the requested information." Reply at 2. Because K. Fuller already has the information he seeks, his Reply abandons his request for a bill of particulars on these grounds. *See*

3

*id.* The Court thus **DENIES IN PART** the Motion to the extent it requests a statement of "what alleged conduct and/or speech by Kenneth Fuller violated" Section 231(a)(3). Mot. at 5.

### B. Identifying Officer(s)

K. Fuller also requests that the Court order the Government "to identify in a bill of particulars the officer(s) at issue" in Count One of the Superseding Indictment. Reply at 2. The Government does not respond specifically to that request. *See generally* Gov't Opp'n.

As K. Fuller notes, the Superseding Indictment does "not identify the officer(s) whom the defendants allegedly obstructed, impeded, or interfered with." Mot. at 4. And the Statement of Facts does not offer additional clarity. The Statement of Facts describes K. Fuller's conduct in general terms, with references to "police lines," "law enforcement," "the police," "the officers," and "an officer." Statement of Facts, ECF No. 1-1 at 12–14. It also refers to and incorporates still images from BWC footage—including at least one video from a Montgomery County PD officer—which appear to depict K. Fuller "bracing" against a police shield or shields. *Id.* But the Court cannot discern whether that footage shows K. Fuller bracing against a single officer or multiple officers. And that ambiguity is exacerbated by the allegation that K. Fuller left the police line and later returned to "take[] up a position directly in front of the police line" again. *Id.* at 14.

The indictment does not specify whether K. Fuller is charged with obstructing, impeding, or interfering with an officer or officers depicted in the Statement of Facts, other officers not shown in the stills, all the officers in the police line on the stairs, or the broader array of officers from various police departments assembled at the Capitol on January 6, 2021. The Government should resolve that ambiguity in a bill of particulars so K. Fuller can prepare his defense. *See United States v. Connell*, No. 21-cr-84, 2023 WL 4286191, at *5–6 (D.D.C. June 30, 2023) (PLF) (ordering a bill of particulars under similar circumstances).

The Court has no reason to doubt the Government's assertion that K. Fuller's conduct on January 6, 2021 "was documented and recorded on uniquely identifiable cameras specific to individual officers." Gov't Opp'n at 10. But that merely assures the Court that the Government's "burden of providing some detail" as to which officer or officers K. Fuller is charged with obstructing, impeding, or interfering with "is not great." *Connell*, 2023 WL 4286191, at *6. And through experience, the Government has developed a variety of strategies for providing that detail in degrees proportional to the nature of the Section 231(a)(3) offense charged. *See id.* (collecting locutions from Section 231(a)(3) indictments in various cases).

Accordingly, the Court **GRANTS IN PART** K. Fuller's Motion to the extent it requests that the Government clarify "which officer(s) Kenneth Fuller allegedly obstructed, impeded, or interfered with." Mot. at 5.

## IV. CONCLUSION & ORDER

For the foregoing reasons, Defendant Kenneth Fuller's [69] Motion for Bill of Particulars is **GRANTED IN PART** and **DENIED IN PART**.

The Court **ORDERS** that on or before October 28, 2024, the Government shall file a bill of particulars clarifying whether Count One of the Superseding Indictment charges Defendant Kenneth Fuller with an officer or officers depicted in the Statement of Facts, other officers not shown in the stills, all the officers in the police line on the stairs, the broader array of officers from various police departments assembled at the Capitol on January 6, 2021, or some other grouping.

Dated: October 17, 2024

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge