UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No.: 1:23-cr-209 (CKK) |
| | : | |
| **KENNETH FULLER, and** | : | |
| **CALEB FULLER,** | : | |
| | : | |
| **Defendants.** | : | |

### **GOVERNNENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to continue the jury trial set for January 13, 2024, until after the Presidential Inauguration. ECF No. 98. Co-defendant Kenneth Fuller joined Caleb Fuller's motion and provided additional argument for the requested continuance on similar grounds (i.e., costs and difficulties associated with travel accommodations). ECF No. 99

Although the government appreciates the fiscal constraints discussed by the defendants, this case was scheduled for trial on June 20, 2024, giving the defendants more than ample time to plan ahead for travel and lodging. *See* June 20, 2024 Min. Entry. Further, much of the defendant's motion is based on speculation and conjecture that in the wake of the 2024 Presidential election results, he is likely to either receive either a pardon or this case will be withdrawn. But the defendant cites to no hard and fast facts in support of this contention.

The government is aware of multiple other January 6 defendants raising substantially similar arguments in motions to continue, which other judges have flatly rejected. *See, e.g.*, *United States v. Baez*, 21-cr-507 (PLF), ECF No. 121 (denying motion to continue trial based in part on

1

claims of financial hardship in traveling to Washington, D.C. and potential clemency, and stating that "[w]hatever the President-elect may or may not do with respect to some of those charged for their conduct at the Capitol on January 6, 2024, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution."); *United States v. Lee*, 21-cr-303 (ABJ), Nov. 15, 2024 Min. Order (denying motion to continue sentencing based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, stating that "[t]he Court is not inclined to postpone the conclusion of this matter based on events that may or may not transpire with respect to some or all of the January 6 defendants at some unspecified date in the future"); *United States v. Johnson*, 24-cr-141 (JDB), Nov. 13, 2024 Min. Order (denying motion to continue all dates based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency); *United States v. Hefner*, 24-cr-260 (APM), Nov. 11, 2024 Min. Order (denying motion to stay proceedings based on claim of potential clemency and stating "Defendant's speculation that he may receive a pardon is not good cause to stay this matter"); *United States v. Baker*, 24-cr-121 (CRC), Nov. 11, 2024, Min. Order (denying motion to continue all dates based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency); *United States v. Lichnowski*, 23-cr-341 (RBW), Nov. 7, 2024, Minute Order (denying motion to continue sentencing based on claim of potential clemency); *United States v. Avery*, 24-cr-79 (CRC), Nov. 6, 2024, Min. Order (denying motion to continue sentencing based on claim of potential clemency); *United States v. Carnell, et al.*, 23-cr-139 (BAH), Nov. 6, 2024, Min. Order (denying motion to continue status conference based on claim of potential clemency).[1] Indeed, this Court too recently denied defendant Nicholas Fuller's motion to continue

---

[1] The government is aware that Judge Contreras granted a continuance in *United States v. Pope*, 21-cr-128 (RC), Nov. 14, 2024 Min. Entry. However, this case does not present the same level of challenges or complexity as *Pope*. A continuance was also granted in *United States v. Lang*, 21-

his sentencing hearing based on claims of potential clemency. *See* Nov. 6, 2024, Min. Entry. There is no reason to treat defendant Caleb Fuller's motion any differently.

Finally, there is a societal interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government respectfully disagrees that a continuance is warranted here, and the Court should proceed as it would in prosecuting any other crime not related to January 6, 2021.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion to continue trial.

Date: November 20, 2024

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:          */s/ Cytheria D. Jernigan*
               CYTHERIA D. JERNIGAN
               Assistant U.S. Attorney
               D.C. Bar No. 494742
               Detailed to the United States Attorney's Office
               for the District of Columbia
               601 D Street, NW
               Washington, D.C. 20530
               Phone: (318) 676-3611
               Cytheria.Jernigan@usdoj.gov

---

cr-53 (CJN), however Judge Nichols clearly stated that the continuance was <u>not</u> due to the defendant's potential clemency arguments, but rather for other matters which are under seal.