UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KENNETH WAYNE FULLER and
CALEB WAYNE FULLER,

Defendants.

Criminal Action No. 23-209 (CKK)

**MEMORANDUM OPINION**
(November 25, 2024)

Defendants Kenneth Fuller ("K. Fuller"), Caleb Fuller ("C. Fuller"), and Nicholas Fuller ("N. Fuller") are among the hundreds of individuals charged with federal crimes for alleged conduct during the riot at the U.S. Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 46. N. Fuller pleaded guilty and has been sentenced. Judgment, ECF No. 94. K. Fuller and C. Fuller are proceeding to trial. Now before the Court are seven motions in limine. Having considered the parties' briefing, the relevant legal authority, and the entire record,[1] the Court shall, by separate Order:

---

[1] The Court's consideration focused on:
- The Government's Statement of Facts in Support of the Criminal Complaint, ECF No. 1-1 ("SOF");
- The Superseding Indictment, ECF No. 46;
- K. Fuller's First Motion in Limine, ECF No. 74 ("Def.'s 1st Mot."); K. Fuller's Second Motion in Limine, ECF No. 76 ("Def.'s 2d Mot."); K. Fuller's Third Motion in Limine, ECF No. 77 ("Def.'s 3d Mot."); and K. Fuller's Fourth Motion in Limine, ECF No. 78-1 ("Def.'s 4th Mot.");
- The Government's Response to Def.'s 1st Mot. and Def.'s 2d Mot., ECF No. 87 ("Gov't's Resp.");
- The Government's Opposition to Def.'s 3d Mot., ECF No. 86 ("Gov't's Opp'n");
- The Government's Response to Def.'s 4th Mot., ECF No. 97 ("Gov't's 2d Resp.");
- The Government's Motion in Limine to Preclude and/or Limit Unnecessary Discussion of Security Topics, ECF No. 79 ("Gov't's 1st Mot.");
- The Government's Motion in Limine to Admit Defendant's Statements and Preclude Improper Defense Arguments, ECF No. 80 ("Gov't's 2d Mot.");
- The Government's Motion in Limine to Admit Certain Types of Evidence, ECF No. 81 ("Gov't's 3d Mot.");
- K. Fuller's consolidated Opposition to Gov't's 1st Mot., Gov't's 2d Mot., and Gov't's 3d Mot., ECF No. 84 ("Def.'s Opp'n"); and
- The Government's consolidated Reply, ECF No. 91 ("Gov't's Reply").

C. Fuller did not participate in briefing, and K. Fuller filed no replies. *See* Scheduling Order, ECF No. 96. Exercising its discretion, the Court concludes that oral argument would not be helpful in resolving the motions. *See* LCrR 47(f).

- **GRANT** as unopposed K. Fuller's [74] First Motion in Limine to exclude a written statement in a social media post;

- **GRANT** as unopposed K. Fuller's [76] Second Motion in Limine to exclude the fact and documentation of N. Fuller's guilty plea;

- **DENY IN PART** and **DEFER RULING ON IN PART** K. Fuller's [77] Third Motion in Limine to exclude two video montages:

    o  The Court will deny K. Fuller's general relevance and Rule 403 objections but defer ruling on K. Fuller's hearsay objection;

- **GRANT** as unopposed K. Fuller's [78-1] Fourth Motion in Limine, filed under seal, to exclude a police report;

- **GRANT** the Government's [79] Motion in Limine to Preclude and/or Limit Unnecessary Discussion of Security Topics:

    o  Defendants may not cross-examine the Government's witnesses about U.S. Secret Service protection protocols, except that they may inquire whether Vice President Michael R. Pence was present at the Capitol on January 6, 2021;

    o  Defendants may not cross-examine law enforcement witnesses about their preparation for January 6, 2021; and

    o  Defendants may not elicit information about the precise location of surveillance cameras in the Capitol;

- **GRANT** the Government's [80] Motion in Limine to Admit Defendant's Statements and Preclude Improper Defense Arguments:

    o  Defendants may not argue before the jury that the First Amendment bars admission of their statements or provides a basis for acquittal;

    o  Defendants may not assert entrapment or public-authority defenses at trial;

    o  Defendants are precluded from asserting that any law enforcement inaction rendered their conduct lawful and may not argue that any such inaction affected their mental states unless they lay an appropriate foundation; and

    o  Defendants are barred from pursuing lines of argument or questioning that pose a risk of jury nullification, including: selective- or vindictive-prosecution, the scope of discovery and the use of government resources, Defendants' claimed ignorance of law, potential penalties, and certain forms of character evidence;

- and **DEFER RULING ON** the Government's [81] Motion in Limine to Admit Certain Types of Evidence.

**I. BACKGROUND**

Defendants K. Fuller and C. Fuller are charged by indictment with: (1) Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) and 2; (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation 18 U.S.C. § 1752(a)(2); and (4) Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D). Superseding Indictment, ECF No. 46. In support of these charges, the Government alleges that Defendants joined a group of rioters on the exterior West Plaza of the U.S. Capitol around 3:30 PM on January 6, 2021. SOF at 12. At that time, police officers from various departments assembled at the top of two nearby staircases and advanced toward the crowd with a line of raised shields in an effort to secure the West Plaza. *See id.* The Government alleges that Defendants moved to the front of the crowd, braced and pushed against the police line, and encouraged other members of the crowd to join them in impeding the officers' advance. *Id.* at 13–20.

**II. LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings," trial courts may entertain and resolve motions in limine pursuant to their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984). And the Court has broad discretion both to render evidentiary rulings and to determine whether ruling in advance of trial is appropriate. *Graves v. Dist. of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (CKK).

On a motion in limine, the Court evaluates the admissibility of evidence according to the relevance framework established by Rules 401 and 402 of the Federal Rules of Evidence. *Daniels v. Dist. of Columbia*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014) (BAH). The proponent of an item of evidence bears the burden of establishing its relevance. *Dowling v. United States*, 493 U.S.

3

342, 351 n.3 (1990). Evidence is relevant if it is probative (because it has "any tendency to make a fact more or less probable") and material (because that "fact is of consequence in determining the action"). Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Relevant evidence is admissible unless "the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, or undue delay. Fed. R. Evid. 403. Similarly, relevant evidence that constitutes hearsay is inadmissible unless an exception to the prohibition on hearsay applies. Fed. R. Evid. 801(c), 802.

This Court also has discretion to limit a criminal defendant's presentation of evidence and cross-examination of witnesses. *See United States v. Whitmore*, 359 F.3d 609, 615–16 (D.C. Cir. 2004). But that discretion is necessarily limited by the defendant's Constitutional right to present a complete defense. *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).

### III. ANALYSIS

At the outset, the Court pauses to clarify the scope of its analysis. The Court's rulings in this Memorandum Opinion and the accompanying Order are based on the present record. That record includes the parties' representations about the anticipated course of their trial presentations and examination of witnesses. The Court can and will revisit its in limine rulings in the event the parties stray from that anticipated course during trial, for example by opening the door to a line of cross-examination during direct. *See* Stephen A. Saltzburg *et al.*, *Federal Rules of Evidence Manual* § 103.02[12] (9th ed. 2006); *see also Luce*, 460 U.S. at 41–42 ("[T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

The Court begins with K. Fuller's motions then turns to the Government's.

**A. Kenneth Fuller's Motions in Limine**

The Court assesses K. Fuller's four motions in limine, which each address discrete items of evidence, in turn.

**1. Kenneth Fuller's First Motion in Limine**

K. Fuller first moves to exclude a social media post from evidence. Def.'s 1st Mot. at 1. The post, which appears in the Government's Statement of Facts in Support of the Criminal Complaint, consists of a written statement allegedly authored by K. Fuller's wife and a photograph of a man standing in front of a police line with his arm raised. SOF at 3. The statement reads: "This is my husband. He's refusing to leave this lady behind. She's being crushed and nearly trampled. Even after being tear gassed, he wouldn't leave her." *Id.*

K. Fuller argues the Court should exclude the post because it contains inadmissible hearsay. Def.'s 1st Mot. at 2. Whether an item of evidence is hearsay depends on the purpose for which it is offered. *See* Fed. R. Evid. 801(c)(2). Although K. Fuller's objection is somewhat imprecise, he appears to argue that the written statement included in the post (but not the photograph) would be hearsay if offered to identify the subject of the photograph as K. Fuller or to prove that K. Fuller refused to leave the police line. *See* Def.'s 1st Mot. at 2.

The Government responds that it "does not intend to introduce the social media post at trial in the same form as is included in the Statement of Facts." Gov't's Resp. at 1. Instead, the Government intends to introduce the post "with the text [of the written statement] redacted" after authenticating the photograph by other means. *Id.* at 3. Because the Government does not oppose K. Fuller's objection that the written statement contained in the post is inadmissible hearsay, the Court will **GRANT** as unopposed K. Fuller's [74] First Motion in Limine as to that written statement. The Court does not rule here on whether the photograph is admissible.

5

**2. Kenneth Fuller's Second Motion in Limine**

Next, K. Fuller moves to exclude from evidence documentation of his co-defendant N. Fuller's guilty plea. Def.'s 2d Mot. at 1. N. Fuller—K. Fuller's brother and C. Fuller's uncle—pleaded guilty to Civil Disorder as charged in Count One of the Superseding Indictment. *See* Judgment, ECF No. 94 at 1. He signed a [62] Plea Agreement memorializing the terms of his plea and a [61] Statement of Offense describing his conduct on January 6, 2021. The Statement of Offense also describes K. Fuller's and C. Fuller's conduct. *See, e.g.*, ECF No. 61 ¶¶ 15–16. The Government reports that it "does not intend to offer evidence of Nicholas Fuller's guilty plea nor any of the record documents related to it." Gov't's Resp. at 1. For that reason, the Court will **GRANT** as unopposed K. Fuller's [76] Second Motion in Limine.

**3. Kenneth Fuller's Third Motion in Limine**

K. Fuller also moves to exclude from evidence two video montages. Def.'s 3d Mot. at 1. The first—the "Riot Montage"—compiles footage from U.S. Capitol Police (USCP) surveillance cameras with simultaneous radio traffic from USCP officers and satellite map depictions of the Capitol and its grounds on January 6. *See* Gov't's Opp'n at 5–6. The second—the "Congressional Montage"—compiles video of Congress's proceedings on January 6 with portions of the Congressional Record to illustrate the progress of Congress's certification of the Electoral College vote. *Id.* at 5. The Court has reviewed both montages in chambers.

K. Fuller argues the montages should be excluded for three reasons. First, he contends the montages are irrelevant and inadmissible under Rules 401 and 402. Def.'s Mot. at 1–2. Second, he argues that the montages are inadmissible under Rule 403 because they are unfairly prejudicial and would cause undue delay. *Id.* at 2. Third, he argues the montages are inadmissible because they contain hearsay. *Id.* The Government opposes each of K. Fuller's objections and reports that

it will seek admission of both montages. Gov't's Opp'n at 5–6.

*Relevance*. K. Fuller argues, in conclusory terms, that both montages are irrelevant because "[h]e never went inside the Capitol, and he had nothing to do with any delay in the electoral count." Def.'s Mot. at 1. The Government has not alleged that K. Fuller entered the Capitol building on January 6, 2021. *See generally* SOF. But it is not obvious to the Court why it follows from that omission that the montages are irrelevant. Although his motion is not entirely clear, K. Fuller appears to argue that, because the montages depict the actions of others, they cannot be relevant to his guilt or innocence. *See* Def.'s 3d Mot. at 1–2 (arguing that, because "Mr. Fuller will be on trial for his actions and not the actions of anyone else," "his trial should be limited to consideration of *his* actions" only).

That argument misses the mark. Regardless of whether the K. Fuller appears in the montages, they are both relevant to the charged offenses.

Start with the Riot Montage. To convict K. Fuller of Count One, the Government must prove that K. Fuller committed the requisite actus reus elements "during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). A civil disorder is a "public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." *Id.* § 232(1). Accordingly, the existence *vel non* of a violent public disturbance resulting in damage or injury and the timing of that disturbance are material to Count One. And the Riot Montage, which depicts the riot unfolding at the Capitol on January 6 with timestamps, *see* Gov't's Opp'n at 6, 11, is probative of both those facts. Because the Riot Montage is both probative and material, it is also relevant and admissible as a general matter. *See* Fed. R. Evid. 401–02.

The Congressional Montage is also relevant. To convict K. Fuller of Count Four, the

Government must prove that K. Fuller acted "with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress." 40 U.S.C. § 5104(e)(2)(D). To satisfy that element, the Government intends to prove to the jury that there was a session of Congress taking place on January 6, 2021. The fact of such a session is thus material. And the Congressional Montage, which depicts the progress of the Joint Session of Congress on January 6, 2021, is probative of that fact. Accordingly, the Congressional Montage is relevant and admissible unless otherwise excluded. *See* Fed. R. Evid. 401–02.

Both montages may also be relevant for other purposes. *See, e.g.*, *United States v. Crawford*, No. 23-cr-426, 2024 WL 1908799, at *4 (D.D.C. May 1, 2024) (JEB) (Riot Montage relevant to prove defendant disrupted Congress in violation of 18 U.S.C. § 1752(a)(2)); *United States v. Carpenter*, No. 21-cr-305, 2023 WL 1860978, at *3 (D.D.C. Feb. 9, 2023) (JEB) (both montages relevant as summary, general evidence). If the Government later attempts to use either montage for an impermissible purpose, the Court will address that issue. *See* Fed. R. Evid. 105. For now, the Court will **DENY** K. Fuller's general-relevance objection to the montages.

*Rule 403*. Next, K. Fuller argues the montages are inadmissible under Rule 403 because they "are unfairly prejudicial and . . . a waste of time." Def.'s 3d Mot. at 2. He contends the montages have limited probative value because he did not enter or attempt to enter the Capitol. *Id.* And he argues he will be unfairly prejudiced by depictions of "legislators fleeing" from "the hoards [sic] of individuals who overran the Capitol" because he "had no involvement with that whatsoever." *Id.* The Government responds that the montages are relevant "summary evidence" that provide "an efficient presentation of voluminous recordings and other evidence" the Government would otherwise present at trial. Gov't's Opp'n at 11 (citing Fed. R. Evid. 1006).

Having reviewed the montages, the Court concludes they have substantial probative value.

8

As explained, both montages are relevant to charged offenses. And that relevance is not meaningfully diminished by the fact that K. Fuller did not enter the Capitol. No charged offense requires that Defendants entered the Capitol building. The offense charged in Count One has no spatial requirement and can be committed through conduct outside the Capitol. *E.g.*, *United States v. Kelley*, No. 22-cr-408, 2024 WL 4708086, at *10–11 (D.D.C. Nov. 7, 2024) (CKK) (finding defendant guilty, following a bench trial, of violating 18 U.S.C. § 231(a)(3) through actions on the steps outside the Capitol). And the offenses charged in Counts Two, Three, and Four specifically contemplate conduct on (or near) the grounds surrounding the Capitol.[2]

Moreover, the conduct of other rioters and the effect of that conduct on Congress are particularly relevant to the charged offenses. The offense charged in Count One (Civil Disorder) requires that the Government prove that the civil disorder—not Defendants—obstructed, delayed, or adversely affected the performance of a federally protected function. *See* 18 U.S.C. § 231(a)(3). As the Government observes, this "element intrinsically broadens the scope of relevant evidence beyond the defendant's conduct" to the conduct of others involved in the civil disorder. Gov't's Opp'n at 8. Likewise, courts in this District have repeatedly explained that "the rioters' collective action is relevant to proving that [a defendant] disrupted Congress in violation of 18 U.S.C. § 1752(a)(2)." *United States v. Zink*, No. 21-cr-191, 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023) (JEB); *accord United States v. Rivera*, 607 F. Supp. 3d 1, 9 (D.D.C. 2022) (CKK) ("Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption."). For that reason, the Riot Montage and Congressional Montage have significant probative value.

---

[2] 18 U.S.C. § 1752(a)(1) (criminalizing conduct in "any restricted building or grounds"); *id.* § 1752(a)(2) (criminalizing "conduct in, or within such proximity to, any restricted building or grounds"); 40 U.S.C. § 5104(e)(2)(D) (criminalizing conduct "at any place in the Grounds or in any of the Capitol Buildings").

That probative value is not "substantially outweighed" by the risks of wasting time or of unfair prejudice. Fed. R. Evid. 403. On the present record, the Court perceives no risk that the montages will cause undue delay. Taken together, the montages total approximately 25 minutes. By contrast, "it would take more than a year to view" the footage underlying the Riot Montage. *Crawford*, 2024 WL 1908799, at *2. And the Congressional Montage synthesizes "more than 15 hours of relevant footage." *Id.* Rather than wasting time, the montages serve as appropriate items of summary evidence that effectively *avoid* delay at trial. *Id.* at *5 (applying Fed. R. Evid. 1006).

K. Fuller's argument that he will be unfairly prejudiced by evidence of other rioters' actions in and around the Capitol is also unpersuasive. "To the extent other members of the mob" depicted in the montages "engaged in criminal conduct, [Defendants'] conduct may be viewed more positively in comparison." *United States v. Stedman*, No. 21-cr-383, 2023 WL 3303818, at *2 (D.D.C. May 8, 2023) (BAH). And K. Fuller may use "cross-examination effectively to differentiate himself from other rioters" and draw out this contrast. *Id.* Like other defendants who have objected to the montages on Rule 403 grounds, K. Fuller's "worries about prejudice are overblown." *Id.*

This Court joins others in concluding that "contextual evidence of the conduct of others is so probative of the charges defendant faces" that any risk of undue delay or unfair prejudice stemming from the montages cannot overcome it. *Id.* Accordingly, the Court will **DENY** K. Fuller's Rule 403 objection to the montages.

*Hearsay.* Finally, K. Fuller argues the montages should be excluded under Rule 802 because they contain inadmissible hearsay. Def.'s 3d Mot. at 2. He points the Court to two excerpted statements from the Riot Montage in which declarants assert "we have a breach" and "they [are] in the building." *Id.* And he argues more vaguely that the Congressional Montage

10

"contains out-of-court assertions as to when and where the relevant events occurred." *Id.* These statements, he contends, are "only relevant for the truth of the matters asserted." *Id.*

But on the present record, the Court cannot discern the precise contours of K. Fuller's hearsay objection or the Government's response thereto. Because the Government has not yet sought admission of either montage, the Court cannot determine for what purpose they will be offered, *see United States v. Warnagiris*, No. 21-cr-382, 2024 WL 1328510, at *3 (D.D.C. Mar. 28, 2024) (PLF) (admitting Government's montage over hearsay objection because the Government "will not offer the exhibit for the truth of the matter asserted"), or whether they will be offered as demonstrative evidence to accompany witness testimony or as standalone exhibits.

Moreover, beyond two fragments of quotations from the Riot Montage, K. Fuller does not identify with any specificity the out-of-court statements to which he objects. Even if those statements are hearsay, any number of exceptions to the general prohibition against hearsay might apply. For example, Rule 803(1) and 803(2)'s exceptions for present sense impressions and excited utterances have been applied widely to admit police radio runs of the sort contained in the Riot Montage. *See United States v. Morrow*, No. 04-cr-355, 2005 WL 3163803, at *3 (D.D.C. June 9, 2005) (CKK) (collecting cases). And statements in the Congressional Montage transcribed from the Congressional Record or recorded on the floor of Congress might fall under either Rule 803(8)'s exception for public records or Rule 807's residual exception.

For now, the Court will exercise its discretion to **DEFER RULING** on K. Fuller's hearsay objection. *See* Saltzburg *et al.*, supra § 103.02[12] ("[A] trial judge is not required to make an in limine ruling."). The parties should be prepared to discuss this objection further at the upcoming status hearing.

11

**4. Kenneth Fuller's Fourth Motion in Limine**

Finally, K. Fuller moves under seal to exclude from evidence a 2013 police report and any evidence related to that report or the statements therein. Def.'s 4th Mot. at 1–2.[3] The Government responds that it will not introduce any of this evidence in its case-in-chief. Gov't's 2d Resp. at 1. Accordingly, the Court will **GRANT** as unopposed K. Fuller's [78-1] Fourth Motion in Limine.

**B. The Government's Motions in Limine**

Having analyzed K. Fuller's motions in limine, the Court turns to the Government's three motions. The first seeks to limit the scope of Defendants' cross-examination of Government witnesses. Gov't's 1st Mot. The second requests that the Court preclude Defendants from raising certain defenses and arguments. Gov't's 2d Mot. And the third seeks the admission of certain categories of evidence in the Government's case in chief. Gov't's 3d Mot. The Court will assess each motion in turn.

**1. The Government's First Motion in Limine**

The Government "will call" a witness from the U.S. Secret Service and "anticipates" calling other witnesses from law enforcement agencies present at the Capitol on January 6, 2021. Gov't's 1st Mot. at 2, 9. In its first motion in limine, the Government seeks an order limiting the cross-examination of those witnesses by Defendants. *Id.* at 2. Specifically, the Government requests that Defendants be precluded from crossing the witnesses on: (1) Secret Service protection protocols; (2) law enforcement preparations for January 6, 2021; and (3) the exact locations of security cameras in the Capitol. *Id.* at 4–6. The Court will take each subject in turn.

***Secret Service Protection.*** To convict Defendants of Counts Two and Three, the Government must prove that Defendants took certain actions in a "restricted building or grounds."

---

[3] The Court granted leave to file the motion under seal because it discusses and attaches as an exhibit an item of discovery designated by the Government as Highly Sensitive. *See* Protective Order, ECF No. 24 at 3.

18 U.S.C §§ 1752(a)(1)–(2). A location may be a "restricted building or grounds" if, among things, a "person protected by the Secret Service is or will be temporarily visiting" there. *Id.* § 1752(c)(1)(B). To meet its burden of proof at trial, the Government intends to "call a witness from the Secret Service to testify that, at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence [and his family], all of whom were present at the Capitol." Gov't's 1st Mot. at 4.

The parties discuss two subsets of information related to this testimony: details regarding the Secret Service's protection protocols in general and details about the protection of Vice President Pence on January 6, 2021.

*General Protocols.* The Government moves to preclude cross-examination of its Secret Service witness on two subjects beyond the scope of its anticipated direct examination: (1) the Secret Service's general protocols for the relocation of protectees during emergencies and (2) information about the nature of Secret Service protective details (*e.g.*, the number and type of agents assigned to protectees). *Id.* at 4–5. K. Fuller reports that he does not intend to question the Government's witness about either subject. Def.'s Opp'n at 3. And C. Fuller offers no objection. For that reason, the Court will **GRANT** as unopposed the Government's motion.

*Vice President Pence.* K. Fuller objects to the Government's motion "to the extent that it seeks to preclude any information about any details of the location of former Vice President Pence" on January 6, 2021. Def.'s Opp'n at 2. Whether Vice President Pence was present at the Capitol on January 6 is, as explained, relevant to the Section 1752 charges in Counts Two and Three. And Defendants may, of course, cross-examine the Government's witness about that fact. But Defendants may not stray beyond that binary line of inquiry. It is entirely irrelevant, for example, which room within the Capitol the Vice President was in when K. Fuller arrived on Capitol

grounds. Inquiry into such detail raises national-security concerns that courts in this District have repeatedly recognized. *See, e.g.*, *United States v. Mock*, No. 21-cr-444, 2023 WL 3844604, at *2–3 (D.D.C. June 6, 2023) (JEB). And the Government represents that this information will be beyond the scope of its direct examination. Gov't's 1st Mot. at 4. Accordingly, the Court will **GRANT** the Government's motion with respect to questioning about Vice President Pence's location beyond the scope of direct examination.

*Law Enforcement Preparations.* The Government anticipates calling witnesses from law enforcement agencies present at the Capitol on January 6 to testify to the events of that day and the effect of those events on law enforcement and Congressional proceedings. Gov't's 1st Mot. at 5. The Government represents that it will not elicit testimony from these witnesses "about their knowledge of or planning regarding the riot that would ultimately take place on January 6, 2021." *Id.* And the Government seeks an order precluding Defendants from cross-examining these witnesses on what they knew about the riot prior to January 6 and how they prepared for that riot because such questioning would be beyond the scope of direct examination, be irrelevant to any contested issue, and present a risk of confusing the issues for the jury. *Id.*

Neither Defendant has opposed the Government's motion in this respect. Because the Government represents that testimony about law enforcement knowledge and preparations prior to January 6 will be beyond the scope of direct examination, the Court will **GRANT** the Government's request that cross-examination on those topics be precluded.

*Camera Locations.* Finally, the Government moves to exclude information about the precise locations of USCP surveillance cameras, citing national-security concerns. Gov't's 1st Mot. at 6. K. Fuller represents that he does not intend to question the Government's witnesses about the exact location of surveillance cameras or present a map of those cameras at trial. Def.'s

Opp'n at 2. And C. Fuller has offered no opposition. The Court will accordingly **GRANT** as unopposed the Government's motion.

### 2. The Government's Second Motion in Limine

The Government's second motion in limine requests that the Court preclude the defense from raising four types of arguments at trial: (1) arguments related to the First Amendment; (2) public-authority or entrapment-by-estoppel affirmative defenses; (3) arguments that any law enforcement inaction excuses defendants' alleged conduct; and (4) jury-nullification arguments. Gov't's 2d Mot. at 2–8. The Court will treat each category in turn.

At the outset, the Court clarifies that its rulings here are limited to the context of the jury trial. The Court will not "preemptively limit legal arguments" that Defendants "may present to the Court outside the presence of the jury" in a motion for acquittal or other format. *United States v. Vaglica*, No. 23-cr-429, 2024 WL 4164691, at *3 (D.D.C. Sept. 12, 2024) (CKK); *see also United States v. Baez*, 695 F. Supp. 3d 94, 107 (D.D.C. 2023) (PLF) ("Although she may raise legal arguments on a motion for judgment of acquittal under Rule 29, Ms. Baez may not make such arguments or present such evidence to the jury.")

***First Amendment.*** The Government seeks two in limine rulings regarding the First Amendment. The first relates to the admissibility of evidence. The second concerns Defendants' substantive guilt or innocence.

First, the Government contends that Defendants should be prohibited from arguing that any of their statements or actions are inadmissible on First Amendment grounds. Gov't's 2d Mot. at 1. The Court agrees with the Government that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). And neither Defendant has opposed the Government's request

15

that they be precluded from arguing to the contrary. Accordingly, the Court will **GRANT** as unopposed the Government's request and preclude Defendants from arguing that the First Amendment standing alone bars the admission of their statements or conduct into evidence.[4]

Second, the Government moves "to preclude [D]efendants from arguing to the jury that their conduct was protected by the First Amendment." Gov't's 2d Mot. at 3. Neither Defendant has raised a facial challenge to the constitutionality of the statutes under which they are charged.[5] Nor has either Defendant expressed an intent to argue those statutes violate the First Amendment as applied to their alleged conduct on January 6, 2021.[6] Whether the First Amendment protects any of Defendants' alleged conduct is a question of law suitable for scrutiny under Federal Rule of Criminal Procedure 29. But "issue[s] of law entirely independent of the ultimate issue of whether [Defendants] actually committed the crimes" with which they are charged are inappropriate to present to the jury. *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983). Testimony on such issues "may improperly influence the decisions of the trier of fact—the jury—and impinge upon the responsibilities of the trial court." *Baez*, 695 F. Supp. 3d at 107 (citation omitted). And neither Defendant has opposed the Government's motion on this point. The Court will therefore **GRANT** as unopposed the Government's request that Defendants be precluded from arguing to the jury that the First Amendment provides a basis for acquittal.

***Entrapment and Public Authority.*** The Government seeks an order excluding evidence

---

[4] Unlike K. Fuller, the Court does not read the Government's motion as a "premature and overly broad" request to admit any statement into evidence. Def.'s Opp'n at 3. Whether any particular statement is admissible is a distinct question that the Court does not address here.

[5] All such challenges have been rejected. *E.g.*, *United States v. Mostofsky*, 579 F. Supp. 3d 9, 22–24 (D.D.C. 2021) (JEB) (18 U.S.C. § 231(a)(3)); *United States v. Rhine*, 652 F. Supp. 3d 38, 57–66 (D.D.C. 2023) (RC) (18 U.S.C. §§ 1752(a)(1)–(a)(2) and 40 U.S.C. § 5104(e)(2)(D)).

[6] These challenges too have been roundly rejected in cases with similar fact patterns. *E.g.*, *United States v. Bru*, No. 21-cr-352, 2023 WL 4174293, at *3 (D.D.C. June 26, 2023) (JEB); *United States v. Easterday*, No. 22-cr-404, 2023 WL 6646384, at *3–4 (D.D.C. Oct. 12, 2023) (JEB).

or argument raising an entrapment-by-estoppel or public-authority affirmative defense. Gov't's 2d Mot. at 6–7. Neither Defendant has opposed that request or noticed those defenses. *See* Fed. R. Crim. P. 12.3(a) (requiring such notice for public-authority defenses). And K. Fuller has expressly disavowed his intent to assert either defense. Def.'s Opp'n at 4–5. Accordingly, the Court will **GRANT** as unopposed the Government's motion as to these defenses.

***Law Enforcement Inaction.*** Relatedly, the Government moves the Court to "bar [D]efendants from arguing that any failure of law enforcement to act rendered [their] conduct legal." Gov't's 2d Mot. at 8. "Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *United States v. Oliveras*, No. 21-cr-738, 2023 WL 196525, at *2 (D.D.C. Jan. 17, 2023) (BAH) (collecting cases). Neither Defendant argues otherwise. Defendants are therefore precluded from arguing that any law enforcement inaction made otherwise unlawful conduct lawful or affected the status of the Capitol and its grounds as "restricted" within the meaning of 18 U.S.C. § 1752(c).

K. Fuller opposes the Government's motion to the extent it would preclude him from eliciting evidence of law enforcement conduct relevant to his mental state. Def.'s Opp'n at 4–5. The Government concedes, as it must, that law enforcement inaction may be relevant to Defendants' specific intent or knowledge. *See* Gov't's Reply at 4. But "any action or inaction" on the part of law enforcement "of which [D]efendant[s] [were] not aware cannot possibly have had any effect on [their] state of mind and is inadmissible as irrelevant." *Oliveras*, 2023 WL 196525, at *2 (D.D.C. Jan. 17, 2023) (BAH); *accord United States v. Rhine*, No. 21-cr-687, 2023 WL 2072450, at *10 (D.D.C. Feb. 17, 2023) (RC). The Court therefore holds that evidence of law enforcement inaction is admissible to prove Defendants' mental state only if Defendants have laid the foundation that they were aware of, or could reasonably have perceived, such inaction. That

foundation can be laid through Defendants' testimony or through other means, "such as a good faith proffer outside the presence of the jury or using other evidence to show that [Defendants were] adequately nearby the alleged inaction at the correct time." *Rhine*, 2023 WL 2072450, at *10 (citation omitted). Subject to that proviso, the Court will **GRANT** the Government's request.

*Jury Nullification.* Finally, the Government requests that the Court prohibit Defendants "from making arguments or attempting to introduce irrelevant evidence that encourages jury nullification." Gov't's 3d Mot. at 8. Jury nullification is, of course, "lawless, a denial of due process[,] and . . . an exercise of erroneously seized power." *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). The Government's motion focuses on discrete lines of argument that risk encouraging that improper result.

First, the Government moves to preclude Defendants from raising a selective-prosecution defense or suggesting to the jury that they have been "singled out for prosecution because of their political views." Gov't's 3d Mot. at 8. Neither Defendant has opposed that motion. And in any event, issues of vindictive or selective prosecution "are legal matters for the Court, not theories of defense for the jury." *United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008) (PLF). Accordingly, the Court will **GRANT** as unopposed the Government's request.

Next, the Government seeks an order preventing Defendants from raising three lines of argument to the jury. Gov't's 2d Mot. at 10, 12–13. Defendants offer no opposition. The volume, nature, or timing of discovery and the volume and type of federal resources used in the investigation and prosecution of Defendants is irrelevant. Fed. R. Evid. 401, 402. Defendants' claimed "ignorance of the law or . . . mistake of law is no defense" to any of the crimes charged in this matter. *Cheek v. United States*, 498 U.S. 192, 199 (1991). And the potential penalties and

collateral consequences of conviction are irrelevant to Defendants' guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994). Accordingly, the Court will **GRANT** the Government's unopposed request and prohibit Defendants from introducing evidence or eliciting testimony on any of these topics.

Finally, the Government moves to preclude Defendants from introducing evidence of their claimed good character. Gov't's 2d Mot. at 10–12. Because Defendants' character is not an "essential element" of any charged offense, they may not introduce specific instances of their conduct to prove that character. Fed. R. Evid. 405(b). And neither Defendant has opposed the Government's request that they be barred from eliciting reputation or opinion evidence of their character for being "generous, charitable, family-oriented, religious, or a contributor to their community." Gov't's 2d Mot. at 10. Accordingly, the Court will **GRANT** as unopposed the Government's request.

### 3. The Government's Third Motion in Limine

Nominally, the Government's final motion in limine requests that the Court "admit certain types of evidence": body-worn camera footage from police officers, CCTV footage from the Capitol, undescribed "open-source video footage," federal law, and portions of the Congressional Record. Gov't's 3d Mot. at 1. More practically, the motion is a repository for a "non-exclusive list of bases for authentication" of those categories of evidence, which may become useful in the event the parties do not reach an agreement stipulating to the authenticity of evidence before trial. *Id.* at 2. Perhaps for that reason, neither Defendant offers any objection to the motion.

The Court agrees with the Government that it can take judicial notice of federal law. *See Moore v. Reno*, No. 00-5180, 2000 WL 1838862, at *1 (D.C. Cir. 2000) (per curiam). And the Court further agrees that the Congressional Record is a self-authenticating official publication

under Federal Rule of Evidence 902(5). Whether any particular provision of federal law or portion of the Congressional Record is admissible into evidence is a question for a different day. And stipulations may address the bulk of the issues the Government discusses in its motion. The Court will accordingly **DEFER RULING** on the Government's [81] Motion in Limine to Admit Certain Types of Evidence.

## IV. CONCLUSION

A separate Order setting forth the disposition of the parties' motions accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
