IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WAYNE FULLER,<br><br>Defendant. | No. 1:23-cr-209-CKK<br><br>**DEFENDANT'S MOTION TO RECONSIDER AND OBJECTION TO ORDER REGARDING COVID PROCEDURES** |

Kenneth Wayne Fuller's trial is scheduled to begin on January 13, 2025.

On December 3, 2024, the Court filed an Order Regarding COVID Procedures (the "Order") (Doc. 114). The Order states that "[i]n light of the continued community transmission of COVID-19 in the District of Columbia," the Court would impose certain "procedural rules" for trial. (*Id.*, p. 1.) Among the procedural rules is the following:

> Through all proceedings, all trial participants must wear face masks covering the mouth and nose throughout the entire proceeding, except as directed by the Court. The Court may provide testifying witnesses or other participants with a clear protective facial mask.
>
> . . . .
>
> Members of the public who enter the gallery to observe proceedings shall wear a mask at all times.

(*Id.*, pp. 1-2.) For several reasons, Mr. Fuller respectfully objects to—and asks the Court to reconsider—the Order, especially the above-quoted rules.

The Order is unnecessary. The Federal COVID-19 Public Health Emergency Declaration ended on May 11, 2023—more than 20 months before Mr. Fuller's current

trial date. CDC, *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration* (updated Sept. 12, 2023). In the District of Columbia, the COVID Centers that provided residents with masks, vaccines, and tests closed on March 31, 2023, due to "a significant drop in COVID-19 cases, high vaccination uptake, and an increase in the availability of vaccines and testing kits for at-home use." Gov't of D.C., *DC Health Announces COVID Centers Will Close on March 31* (Mar. 3, 2023).

The District of Columbia appears to be one of the few jurisdictions still tracking COVID-19 cases, and that data show that masking and special precautions are unnecessary. *See* Gov't of D.C., *Key Metrics* (last visited Dec. 10, 2024). As of this filing, the current COVID-19 community level is "low" (meaning "Limited impact on the healthcare system" and "Low levels of disease severity"). *Id.* Every metric—including cases and hospitalizations—is low. *Id.* In fact, it appears that there is virtually no one hospitalized with COVID-19 in the District of Columbia. *See id.* Thus, there is no evidence of continuing community transmission of COVID-19 in the District of Columbia sufficient to justify special measures for trial participants or attendees.

Even if COVID-19 presents a material concern at this point, the Court has more narrowly tailored options to achieve a safer trial. *Cf. United States v. Allen*, 34 F.4th 789, 796-800 (9th Cir. 2022) (holding that district court's closure of trial to public was not narrowly tailored and violated the Sixth Amendment). Of course, the Court could permit anyone (other than a witness) who wants to wear a mask or other

face covering to wear one. The Court could encourage anyone who feels unwell to stay away from the courtroom. The Court could encourage the use of rapid tests. The Court could encourage basic disease mitigation tools, such as handwashing and covering of the mouth while sneezing. And, if the Court perceives some present COVID risk, the Court could continue trial to a later date. At this point (nearly two years after the official end of the pandemic), requiring facial coverings is excessive.

As it is, the Order infringes on core constitutional rights.

First, the Sixth Amendment guarantees the defendant's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Order states that "all trial participants must wear face masks," but then adds that the "Court *may* provide testifying witnesses and other participants with a clear protective facial mask." A face covering of any sort hides or, at a minimum, obscures from the jury's view any of the witness's facial expressions while testifying, which are crucial to determine credibility. Without a sufficient governmental interest (and, as noted, presently there is none), this is a violation of the Sixth Amendment right to face-to-face confrontation. *See Finley v. State,* ___ S.W.3d. ___, 2024 WL 4897056, at *8-13 (Tex. Crim. App. 2024) (citing *Maryland v. Craig,* 497 U.S. 836 (1990)); *Smith v. State,* 693 S.W.3d 781, 793 (Tex. Crim. App. 2024) ("We conclude that the trial court's witness masking requirement was not supported by any evidence that it furthered an important public policy in a January 2023 Harris County jury trial. Thus, appellant was entitled to

full face-to-face confrontation of all witnesses consistent with the traditional norm of American criminal prosecutions.").

Second, the Sixth Amendment guarantees the right to an "impartial jury." U.S. Const. amend. VI.  In three ways, the Order infringes on that right:

1. In jury selection, the defendants would be deprived of the opportunity to assess prospective jurors' facial reactions to various questions, impairing the ability to participate in the selection of a fair and impartial jury.

2. There is a strong connection between the voluntary use of masks and an individual's belief system.  *See generally* Molly J. Walker Wilson, *Effective Public Health Communication in a Post-COVID-19 America: Lessons from Behavioral Science*, 28 Lewis & Clark L. Rev. 109, 152-54 (2024).  In other words, whether a person is voluntarily wearing a mask is at least some evidence of that person's belief system.  By requiring *all* prospective jurors to wear a facial covering, the Order deprives the defendants of a tool for ascertaining who might be a favorable or unfavorable juror.

3. Some individuals are hostile to mask wearing, and those individuals may be more inclined to the defendants' point of view.  *See id.*  When prospective jurors of that persuasion are advised that they would be required to wear a face covering for a trial that might take up to two weeks, they likely will be more inclined to pursue avenues to escape jury service.

4

Third, the Sixth Amendment guarantees a "public trial." U.S. Const. amend. VI. The Order requires members of the public observing the trial to wear a mask. By imposing a requirement that will not exist in virtually any other facet of life in early 2025, the Order effectively reduces the public nature of the trial and reduces the likelihood that the public would feel comfortable attending.

Fourth, and finally, the Order impairs the right to "Assistance of Counsel" for Mr. Fuller's defense. U.S. Const. amend. VI. Masks inhibit the ability to communicate effectively, which is a core component of the attorney-client relationship during a jury trial.

For these reasons, Kenneth Fuller asks the Court to rescind the Order.

Respectfully submitted,

*/s/ Brad Hansen*
FEDERAL DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: brad_hansen@fd.org

*/s/ Heather Quick*
FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, Iowa 52401
PHONE: (319) 363-9540
FAX: (319) 363-9542
E-MAIL: heather_quick@fd.org
ATTORNEYS FOR DEFENDANT

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2024, I electronically filed this document with the Clerk of Court using the ECF system, which will provide notice to all assigned attorneys.

<u>*/s/ Theresa McClure*</u>